PULLMAN CO. v. HAIGHT.

(Circuit Court of Appeals, Second Circuit. January 11, 1907.)

No. 152.

CARRIERS—SLEEPING CAR COMPANY—ACTION FOR INJURY TO PASSENGER.

Plaintiff, whose leg had been recently broken, was riding as a passenger in a sleeping car operated by defendant, and while sitting on the side of his berth early in the morning, when the car was standing at a station, some person, who was identified by plaintiff as the porter of the next car, in walking through the aisle, stepped upon or fell against plaintiff's leg, and it was rebroken. The porters denied knowledge of any such occur-

151 F.—64

rence. *Held*, that the question of defendant's negligence and of plaintiff's contributory negligence was properly submitted to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1596.

Liabilities of carriers for negligence or torts of servants, see notes to Texas & P. Ry. Co. v. Williams, 10 C. C. A. 466; The Anchoria, 27 C. C. A. 651.]

In Error to the Circuit Court of the United States for the Northern District of New York.

The following is the opinion of Ray, District Judge, in the court below:

On a careful reading of the evidence and charge I am satisfied that a question of fact for the determination of the jury was presented by the evidence, and that no substantial error was committed on the trial in the reception or rejection of evidence or in the charge. In the nature of things, considering the fact that all the passengers, except one, were in their berths, and probably asleep, and that this one was a stranger, and left the car, and is unknown, it was impossible for plaintiff to bring a witness to corroborate his statement as to what occurred in the car. Plaintiff testified that the porter in charge of the car was notified the evening before of his crippled condition, and that on the morning in question, because thereof, being unable to sleep or remain in his berth, he was sitting on the edge thereof in such a manner as not unnecessarily to obstruct the aisle of the car or expose himself to injury; that some one, whom he identifies on the trial as the porter of the other sleeper, came in and passed him; that, as he did so, plaintiff cautioned him "not to step on my leg." He says this person either bowed or answered, and went to the further end of the car, and did something to the cord, and came back. He says: "And he started to come back; and I sat back in the curtains, and I heard him coming and leaned out. When he got in about six feet of me he looked over his shoulder—over the shoulder towards me; and he wandered then to one side, and he brought his right leg forward and hit my leg and tripped; and he lifted one foot and put it down squarely on my ankle. He said, 'Beg your pardon,' or, 'Did it hurt?' I don't know just what he did say and he left the car immediately." He says he lay down, relapsed into unconsciousness, and remained in this condition until the train reached Richland, some 50 miles further on. Here the porter came to him and rather insisted on his having some breakfast, but he declined. Plaintiff did not call for the porter, conductor, or any trainman, and entered no complaint, except to the person who stepped on his ankle at the very time of the occurrence, and as to this he says: "Q. What did you say the porter said? A. I cannot tell you. I think he asked me if it hurt. Q. And what did you say? A. I told him, 'Pretty damned hard.' Q. Did you make a complaint to him? A. I did, and in good shape." At Watertown plaintiff was assisted from the train, he says, by two porters, but made no complaint. When he got to the house where he was going, and some time after, it was discovered his limb (previously broken and not fully recovered) was rebroken. In reply to defendant's attorney, he says he told his sister-in-law of the injury on his way from the train.

If this occurred in this way, or if it occurred by the act of some stranger coming into the car, it being open, can negligence be imputed to the defendant, who was operating this sleeper? If this person, a porter, was moving in this manner carelessly or heedlessly, and so ran upon plaintiff and injured him (the train was at a standstill), it seems to me the jury were justified in finding that it was a negligent act. I do not think porters of sleeping cars may unnecessarily and carelessly stumble upon and injure passengers occupying same without making the company liable. If it was a stranger to the train, an intruder thereon, then it was for the jury to say whether or not the company had exercised due care to exclude such persons. If it had not, it was chargeable with negligence in permitting the intrusion. Lewis v. N. Y. Sleeping Car Co., 143 Mass. 273, 9 N. E. 615, 58 Am. Rep. 135. True, this was the case of a theft; but I think the person of the passenger entitled to as much pro-

tection as his property. Both porters were called as witnesses, and in effect denied that plaintiff was on the car to their knowledge. These porters deny that any such thing occurred at Utica as was described by plaintiff, with which they had any connection. They may speak the truth, and yet plaintiff may have been injured, as he says he was, by some trainman or some person going into and through the car in this manner when it was open. I take it defendant owed a duty to the plaintiff to keep out intruders. If any one was necessarily in the car (not a passenger), the defendant is liable if that person negligently ran upon and injured plaintiff. It cannot be that when a train is at a station the sleepers may be left open unnecessarily and third persons allowed to enter. If this is done, and injury results from the negligent conduct of such persons, the corporation running or operating the car ought to be liable, not for the negligence of such third person, but for its own negligence in not properly guarding the car and excluding third persons.

In this case there is no evidence the car was necessarily open, except one person, a passenger, left it; but, if necessarily open, then still defendant owed a duty to guard against intruders and keep them out. There is no pretense the porter was doing this. He was not in sight, and when called as a witness did not claim he was exercising any care in this respect. In Lewis v. N. Y. Sleeping Car Co., supra, the court said: "A sleeping car company holds itself out to the world as furnishing safe and comfortable cars, and, when it sells a ticket, it impliedly stipulates to do so. It invites passengers to pay for, and make use of, its cars for sleeping; all parties knowing that, during the greater part of the night, the passenger will be asleep, powerless to protect himself or to guard his property. He cannot, like the guest of an inn, by locking the door, guard against danger. He has no right to take any such steps to protect himself in a sleeping car, but by the necessity of the case is dependent upon the owners and officers of the car to guard him and the property he has with him from danger from thieves or otherwise. The law raises the duty on the part of the car company to afford him this protection. While it is not liable as a common carrier or as an innholder, yet it is its duty to use reasonable care to guard the passengers from theft, and if, through want of such care, the personal effects of a passenger such as he might reasonably carry with him are stolen, the company is liable for it. Such a rule is required by public policy, and by the true interests of both the passenger and the company; and the decided weight of authority supports it. Woodruff Sleeping & Parlor Coach Co. v. Diehl, 84 Ind. 474, 43 Am. Rep. 102: Pullman Car Co. v. Gardner, 3 Penny (Pa.) 78; Pullman Palace Car Co. v. Gaylord, 23 Am. Law Reg. (N. S.) 788."

I do not think it was error to submit the question whether it was not a stranger to the train who entered the car and stumbled on plaintiff, if such an occurrence took place. The fact that no complaint was entered to the conductor or on leaving the train goes to the credibility of the plaintiff.

The porters who gave testimony on this subject were interested as employés. As to persons in the employ of the railroad company, the court charged: "Mr. Purcell: And we ask your honor to charge that if the jury finds that the acts occurred as stated by the plaintiff, and it grew out of and related to the operation of trains and the transportation of the plaintiff, and not out of any matters within the scope of the proper employment of the Pullman porter, outside of or inside of his car, there can be no recovery. The Court: I so charge." If the injury had occurred in that way, then undoubtedly the railroad company, and not the Pullman Company, would have been the one to respond in damages. The jury was cautioned and attention called to the various claims bearing on the credibility of the witnesses, and they were also cautioned on the subject of damages. The damages were not excessive, if plaintiff's condition is attributable to an injury received in the car as claimed.

The motion for a new trial is denied.

Henry Purcell, for plaintiff in error.
G. R. Van Namee, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The facts in evidence presented a question for the jury upon the questions of the negligence of the defendant and the contributory negligence of the plaintiff, and authorized the different inferences to be drawn upon the issues whether the porter's collision with the plaintiff's leg was an accident or a careless act, and whether the plaintiff's leg projected so far into the aisle as to interfere with the duties of the porter and promote the probability of injury in case of his carelessness. The motion to direct a verdict was therefore properly refused.

The case was left to the jury under full and accurate instructions as to the law applicable to the facts, and none of the exceptions to them, or to the refusal of requests for further instructions, have any merit. No error was committed in the rulings upon evidence. There is nothing in the case of complexity or peculiarity to call for an extended discussion of the errors assigned.

The judgment is affirmed, with costs.